DLD-065                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2656
_____

VIRGIL RUSHING,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-02855)
District Judge Honorable Timothy J. Savage
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 24, 2015

Before: CHAGARES, GREENAWAY, JR., and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 4, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Virgil Rushing ("Rushing") appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania in his civil rights case. As the appeal lacks an arguable basis in law or in fact, we will dismiss it as frivolous.

I.

Rushing is a state prisoner housed at the Philadelphia Industrial Correctional Center ("PICC"). Rushing was arrested and charged in May 2014 for crimes under Pennsylvania law. While detained and awaiting trial, Rushing filed a civil rights complaint under 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania, the City of Philadelphia, President Judge Sheila Woods-Skipper and Judge Roxanne Covington of the Philadelphia Court of Common Pleas, attorney Michael Benz of the Philadelphia Defender Association, and attorney Sean Page.

Rushing alleged that he was being held under unjust laws, charges, and time by the Commonwealth and "the CJC judges holding [him]." Dkt. # 6, pg. 3. To the extent that it is possible to make out any other cognizable claims in his complaint, Rushing also appeared to allege: that he was denied equal protection of the laws; bias by the trial judge, Judge Covington; ineffective assistance of counsel; and poor and dangerous conditions of confinement.[1] The District Court dismissed his complaint with prejudice as

---

[1] Rushing's equal protection claim would have arisen, at a minimum, under the Fourteenth Amendment's Equal Protection Clause. His judicial bias claim would have been based on the Fourteenth Amendment's Due Process Clause. See Bracy v. Gramley,

legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It dismissed his claim against the Commonwealth on grounds of Eleventh Amendment immunity, and dismissed his claims against his attorneys because they are not state actors who are subject to liability under 42 U.S.C. § 1983. It dismissed his claims against Judge Covington because she was entitled to "absolute judicial immunity," as Rushing's claims against her were based on acts she took in her judicial capacity. Finally, the District Court dismissed the claims against Philadelphia and President Judge Woods-Skipper for failure to state a claim. The District Court also stated that providing leave to amend would be futile.[2] Rushing appeals from this decision.[3]

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). When dismissing claims for failure to state a claim, this standard of review is the same as under Fed. R. Civ. P. 12(b)(6). Where a complaint

---

520 U.S. 899, 905-06 (1997). His conditions of confinement claim would have proceeded under the Eighth Amendment.

[2] After filing his notice of appeal, Rushing did file a motion for leave to file an amended complaint, which the district court denied for lack of jurisdiction.

[3] Since filing this appeal, Rushing has pleaded guilty and been sentenced to between eleven and a half to twenty-three months of prison time. Commonwealth v. Virgil Rushing, Dkt. # CP-51-CR-0006679-2014 (Ct. Common Pleas of Phila. County).

3

has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is considered frivolous if it lacks an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim that is based on "an indisputably meritless legal theory" or a claim that is clearly baseless is deemed frivolous. Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Examples of frivolous suits include those where defendants are "immune from suit." Neitzke, 490 U.S. at 327.

The District Court correctly dismissed all claims against the Commonwealth of Pennsylvania, Judge Covington, and attorneys Benz and Page. First, states are not "persons" within the meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989); see also Callahan v. City of Philadelphia, 207 F.3d 668, 670 (3d Cir. 2000). Except where states have waived their immunity, the Eleventh Amendment bars all suits against states for alleged deprivations of civil liberties. Will, 491 U.S. at 66. The Commonwealth of Pennsylvania did not waive immunity in this suit, and so Rushing's § 1983 claims could not be brought against the state.

Second, "judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000). Judges are not immune, however, for any actions taken in a non-judicial capacity. Id. To the extent that Rushing even alleged facts against Judge Covington, those facts indicated that she was acting in a judicial capacity. Accordingly, Rushing's claims could not proceed against Judge Covington.

4

Finally, attorneys are not subject to § 1983 claims on the basis that they are officers of the court. This is true whether they are private attorneys or public defenders. See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); see also Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). As such, Rushing's claims could not proceed against attorneys Benz and Page under § 1983.

The District Court was also correct in its dismissal of the City of Philadelphia and President Judge Woods-Skipper for failure to state claims against them. Rushing did not allege any facts that point to the liability of either party. He merely named both parties as defendants, and then did not state anything further. The closest Rushing comes to alleging facts stating a claim against the City of Philadelphia is on the eleventh page of his complaint. There, he states: "book library must be open;" "no doctor of psychiatry at mental dept. of K-Block;" that inmates were showering in "cold to luke cold water" in the autumn and winter; and that one of the prison doctors has a "possible mental illness." Dkt. #6, pg. 11. However, he raised no basis for Philadelphia's liability on any of these issues, and claimed no injury.

Because the District Court dismissed Rushing's complaint without a discussion of his underlying claims, it did not discuss two of his claims that should have been brought in a habeas petition. As a rule, habeas petitions and § 1983 complaints are not "coextensive either in purpose or effect." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Where a state prisoner seeks to attack the fact or duration of his conviction or sentence, he must seek relief through a habeas petition, not a § 1983 complaint. See

5

Preiser v. Rodriguez, 411 U.S. 475, 489-91 (1973); see also Wilkinson v. Dotson, 544 U.S. 74, 78-79 (2005).

First, Rushing clearly claimed that he was being held under unjust laws, charges, and time by the Commonwealth and "the CJC judges holding [him]." We construe this as stating a habeas corpus claim, as he was challenging the very fact of his detention. See Leamer, 288 F.3d at 540. Second, to the extent that Rushing was attempting to assert ineffectiveness of counsel claims against his attorneys, those should have been brought in a habeas petition. See Strickland v. Washington, 466 U.S. 668 (1984). Both of these claims also had to have been exhausted in state courts. See Lambert v. Blackwell, 387 F.3d 210, 231-32 (3d Cir. 2004). These two habeas claims were therefore improperly brought in this § 1983 action.[4]

In light of the fact that Rushing's non-habeas claims against all parties were indisputably meritless, we find no error with the District Court's decision that allowing Rushing leave to amend would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). Because Rushing has no arguable legal basis on which to appeal the District Court's order, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[4] The District Court's dismissal of his § 1983 complaint should not constitute a bar to any collateral attacks by Rushing against his state proceedings.